UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| HECTOR DEJESUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 14-1260-SLD-JEH |
| | ) |
| PAT QUINN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

This cause is before the Court for a review of Plaintiff Hector DeJesus' Amended Complaint.

On August 14, 2014, the Court conducted a merit review hearing of DeJesus' Complaint. During this hearing and also in a subsequent written Order entered on August 25, 2014, the Court explained to DeJesus that he needed to file an Amended Complaint and that this Amended Complaint should state how the food was inadequate, what specific injuries he incurred as a result of the attack by his cellmate, and what treatment, if any, he received for his injuries.

DeJesus has now filed an Amended Complaint that contains the details sought by the Court and required by United States Supreme Court precedent.

IT IS THEREFORE ORDERED:

1. Plaintiff's motion to amend complaint [12] is GRANTED.

2. Plaintiff's motion to correct affidavit [13] is GRANTED.

3. Pursuant to its merit review of the Amended Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff has stated the following claims. First, Plaintiff's Complaint states a claim for deliberate indifference under the Eighth Amendment based upon the inadequate and non-nutritious food served to inmates. Plaintiff has alleged that this is an IDOC policy that comes from the Governor and is implemented through the ranks down to the prison level. Plaintiff's claim as to the quality and quantity of food is against Defendants Quinn, Godinez, Yorkovich, Gossett, Pulley,

1

Akpore, Rundle, and Carson.  Second, Plaintiff alleges that Hill Correctional Center has a policy of placing weaker inmates with stronger, more aggressive inmates and that this policy contributed to the attack upon him.  Plaintiff's condition of confinement claim in this regard is against Defendants Collins, Damewood, Livingston, Steel, and Gibbs as they allegedly were either responsible for cell assignments, responsible for implementing the policy, or turned a blind eye towards the policy.  Third, Plaintiff states a claim for deliberate indifference to his serious medical needs, and Plaintiff's claims in this regard is against Defendants Bennett, Dr. Sood, Wexford Health (because Plaintiff has alleged Wexford has a policy of not treating inmates in order to save money), Lindorff, Brown, Faetanini, Stockes, and Range.  Fourth, Plaintiff states a medical malpractice claim against Dr. Sood under Illinois state law.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

4. This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give the Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5. The Court will attempt service on Defendants by mailing them a waiver of service.  Defendants have 60 days from the date the waiver is sent to file an answer.  If Defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6. With respect to a defendant who no longer works at the address provided by Plaintiff, the entity for whom that defendant worked while at that address shall provide to the Clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7. Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this opinion.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

8.  This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9.  Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

12. The Clerk is directed to attempt service on Defendants pursuant to the standard procedures.

Entered this 28th day of October, 2014

/s/ Harold A. Baker
_____
HAROLD A. BAKER
United States District Judge